UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| LORI BORELLA, M.D.,<br><br>    Plaintiff,<br><br>vs.<br><br>BLACK HILLS SURGICAL HOSPITAL L.L.P.,<br><br>    Defendant. | 5:24-CV-05079-KES<br><br><br>ORDER DENYING MOTION TO SEAL |

Plaintiff, Lori Borella, filed a complaint against defendant, Black Hills Surgical Hospital (BHSH). Docket 1. Now, pursuant to Local Rule 7.1, BHSH moves to seal the complaint and, in the alternative, moves to seal or redact certain names and statements in Borella's complaint. Docket 12. The court issues the following order denying the motion to seal.

**BACKGROUND**

On October 7, 2024, Borella filed suit against BHSH alleging violation of Title VII of the Civil Rights Act, wrongful termination, and intentional infliction of emotional distress. *See* Docket 1. Borella had been employed as an anesthesiologist at BHSH from April 1, 2019, to May 17, 2023. Docket 1 at 3; Docket 1-1. Borella alleges that during her employment she was treated differently than her similarly situated male coworkers. Docket 1 at 2-13. Specifically, Borella claims that she and another female anesthesiologist were

forced to resign even as male anesthesiologists received little attention for misconduct. *See id.* at 6-9. To support the allegations in her complaint, Borella specifically names six BHSH employees who are connected to her discrimination claims. *See id.* For example, Borella alleges that a male anesthesiologist would enter operating rooms in gynecology and plastic surgery cases to observe naked patients. *Id.* at 6-7. Borella also alleges that the CFO threatened Borella's employment if Borella did not conform to fraudulent billing practices. *See id.* at 11. Additionally, Borella describes alleged alcohol abuse by one of the physicians employed by BHSH. *See id.* at 7-8. BHSH moves to seal or redact Borella's complaint, arguing that Borella's references to her former coworkers invade their privacy interests and are inflammatory, defamatory, and meant to harass or embarrass BHSH's employees. *See* Docket 13 at 1-2. Borella states that sealing or redacting the complaint would be improper because the public's right to access the complaint is not outweighed by BHSH's embarrassment or privacy interests. *See* Docket 15 at 7-15. Borella also argues that "[n]one of the cases cited by Defendant support sealing Dr. Borella's complaint." *Id.* at 9.

## LEGAL STANDARD

Both the Federal Rules of Civil Procedure (FRCP) and local rules of the District of South Dakota allow for either completely sealing a judicial record or redacting portions of it. *See* Fed. R. Civ. P. 5.2(d)-(e); *see also* D.S.D. Civ. LR 7.1(A). Under the Federal Rules, courts may "order that a filing be made under seal without redaction" or otherwise order redaction of certain parts of a filing.

2

Fed. R. Civ. P. 5.2(d)-(e). Also, the District Court of South Dakota has established Local Rule 7.1 to govern motions to seal, requiring "(a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." D.S.D. Civ. LR 7.1(A).

A common-law right to access judicial records is generally recognized throughout the country. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). The purpose of this right is to strengthen public confidence in the judicial system and allow citizens to hold the judicial system accountable for fair proceedings. *See IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). The common-law right to access judicial records, however, is not absolute. *See id.* "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Warner Commc'ns*, 435 U.S. at 598.

To determine whether to grant a motion to seal, the "court must first decide if the documents in question are 'judicial records,' and if so," decide if the party seeking to prevent disclosure has presented compelling reasons to overcome the common-law right of access. *See Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). Courts maintain substantial discretion in making this evaluation and consider the issue "in light of the relevant facts and circumstances of the particular case." *Warner Commc'ns*, 435 U.S. at 599; *see*

*also IDT Corp.*, 709 F.3d at 1223; *United States v. Webbe*, 791 F.2d 103, 106 (8th Cir. 1986).

Here, there is no doubt that Borella's complaint is a "judicial record" which the public has a presumptive, common-law right to access. *IDT Corp.*, 709 F.3d at 1223 ("[There appears] a modern trend in federal cases to treat pleadings in civil litigation (other than discovery motions and accompanying exhibits) as presumptively public, even when the case is pending before judgment."). The question this court must answer is whether BHSH has presented compelling reasons to overcome the public's interest in being able to access the information in Borella's complaint.

## DISCUSSION

### I.  Public Interest

The court's analysis begins by determining the strength of the public's interest in access to Borella's complaint. *See id.* at 1224; *see also Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1047 (D. Minn. 2021). The strength of the public's interest is determined by the role of the material at issue in the court's exercise of Article III power and the value of that information and its impact on the public's ability to monitor the federal courts. *IDT Corp.*, 709 F.3d at 1224. In other words, the more important the judicial record is to the exercise of judicial power, the greater the presumption of access.

A complaint is typically a significant part of the judicial record and the court's exercise of judicial power. Complaints are the vehicle by which civil

suits are initiated in federal courts, indicating their strong connection to the exercise of judicial power. Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). But a complaint may have little connection to the exercise of judicial power if a claim has been dismissed prior to adjudication on the merits. *See IDT Corp.*, 709 F.3d at 1224 (finding that due to a settlement between parties, public interest weak because court only considered complaint to determine whether to seal). In other circumstances, courts have found that documents related to the transfer of venue or motions to stay create a particularly strong presumption of public access. *See Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 980-981 (D. Minn. 2016) (finding a motion to transfer creates strong presumption of public interest because it invokes exercise of judicial power and public interests); *see also Marden's Ark*, 534 F. Supp. 3d at 1048 (finding a motion to stay creates strong presumption of public interest because it "is not unlike [the public's] interest in a motion to transfer venue"). Here, unlike in *IDT Corp.*, there is no prior settlement and Borella's complaint remains a core component of the court's judicial power. *See IDT Corp.*, 709 F.3d at 1223 (recognizing that pleadings are generally considered presumptively public even as the case is pending prior to judgment). Thus, the court finds there is a presumption of public access for Borella's complaint.

## II. Whether BHSH has Overcome the Presumption of Public Access to Seal the Complaint

BHSH argues that the privacy interests of third parties are compelling reasons for sealing or redacting Borella's complaint. *See* Docket 13 at 2-4. BHSH asserts the former coworkers named in Borella's complaint have both general and specific privacy interests in the medical information disclosed in the pleading that warrant sealing the document. *See id.* (arguing privacy interests of defendant's employees and references to an employee's disability are compelling reasons to seal or redact).

Generally, courts do not completely seal judicial records when redactions would adequately protect both the relevant privacy interests and the public's presumptive interest in accessing the document. *See IDT Corp.*, 709 F.3d at 1224 (finding that a complaint may be publicly accessible via redaction as opposed to completely sealing); *Kempf v. Hennepin Cnty.*, 2020 WL 12990220, at *3 (D. Minn. June 17, 2020) (indicating sealing of entire transcript would be overbroad given the requests are limited to arguments centered on portions of the transcript as opposed to the whole); *see also Nelle ex rel. B.N. v. Huntsville Sch. Dist.*, 2021 WL 6135690, at *5 (W.D. Ark. Dec. 29, 2021) ("[A]ny solution to protect [individuals'] privacy interests should only be as restrictive as necessary. Sealing the entirety of these proceedings . . . is overbroad."). Here, as BHSH seems to recognize, the privacy interests of its employees could be adequately protected by redacting their names, as opposed to sealing the whole record or redacting whole paragraphs. *See* Docket 13 at 2-3 ("Borella names

6

the individuals when describing her version of events that allegedly support her claims for discrimination and wrongful termination. This description can and should be made without naming each of the aforementioned physicians and employees."). Thus, the court refuses to seal the entirety of the complaint and considers if the privacy interests of BHSH's employees constitute compelling reasons for redacting names and other information from Borella's complaint.

### III. Whether BHSH has Overcome the Presumption of Public Access to Redact the Complaint

#### A. Third Party Privacy Interests

BHSH argues that the "privacy and dignity of those specifically identified by Borella" compels the redaction of their names, while Borella argues that the public's interest in accessing the complaint outweighs any privacy interests of third parties. *Id.* at 2-4; Docket 15 at 7-15. Borella also argues that BHSH is merely concerned about embarrassment, which is not a sufficient reason to outweigh the public's right to access Borella's complaint. Docket 15 at 7-15.

An individual's privacy interest in sensitive material concerning financial data, medical records, or minors may serve as a compelling reason to redact judicial documents. *See Secs. & Exch. v. Hylland*, 2007 WL 2033495, at *2 (D.S.D. July 9, 2007) (finding defendant's right to privacy requires sealing of representations of financial net worth); *Sec. & Exch. v. Whitesel*, 2007 WL 2033384, at *2 (D.S.D. July 9, 2007) (finding defendant's right to privacy requires sealing representations of financial net worth but not compensation received while employed); *Reyna v. Weber*, 2012 WL 2999768, at *4 (D.S.D.

June 29, 2012) (sealing plaintiff's medical records against his will due to strong privacy interests); *Nelle ex rel. B.N.*, 2021 WL 6135690, at *5 (redacting names of minors involved in accusations of sexual assaults). But redactions are disfavored where they would hide "the very heart of plaintiff's allegations against [the defendant]." *Marden's Ark*, 534 F. Supp. 3d at 1049.

Here, the court finds that Borella's allegations, which detail allegedly discriminatory circumstances, and the individuals associated with them, are at the heart of her claims. Borella's claims are rooted in the conduct of BHSH's employees and her interactions with them. Also, "harm to reputation" is not typically considered a compelling reason to seal or redact a complaint. *See Miller-Holzwarth, Inc. v. U.S.*, 44 Fed. Cl. 153, 154 (1999) ("Harm to reputation, however, does not constitute the type of 'compelling justification' that must be present to deny the public's access to judicial records.") (citation omitted). BHSH's argument that "Borella is seeking only to harass and embarrass [these employees and physicians]" is thus not a compelling reason to redact their names. Docket 13 at 1. The court finds that the blanket privacy concerns raised by BHSH are insufficient to require redactions of all names of employees in Borella's complaint.

BHSH relies on *Kleftogiannis v. Inline Plastics Corp.*, 411 F. Supp. 3d at 216 (D. Conn. 2019), to argue that redactions of BHSH's employees' names are warranted to protect their privacy. *See* Docket 13 at 2-3; Docket 16 at 3. In *Kleftogiannis*, the court redacted non-party, non-managing employees' names to ensure that employees would be willing to cooperate in internal

8

investigations, have their fear of reprisal eliminated, and have their significant privacy interests supported. *See Kleftogiannis*, 411 F. Supp. 3d at 233.[1] There, the employees were considered helpful sources of information but were not vital to the allegations in the complaint. *Id.* at 233. By contrast, the employees named in Borella's complaint are not merely tangentially related to her claims. Instead, their actions and BHSH's reactions to their actions either directly or indirectly form the basis of Borella's alleged discrimination. *See* Docket 1.

The other cases upon which BHSH relies, *Rowe v. Google LLC*, 2022 WL 4467628 (S.D.N.Y. Sept. 26, 2022) and *Liles v. Cnty. of Sacramento*, 2024 WL 1971882, at *1 (E.D. Cal. May 3, 2024), are similarly distinguishable. *See* Docket 13 at 3. In *Rowe*, the Southern District of New York applied the Second Circuit's privacy consideration for innocent third parties. *Rowe*, 2022 WL 4467628, at *2 ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."). The court found that compensation information for these individuals was so central to the case that it could not be redacted, while their names were unimportant and could be redacted. *See id.* In *Liles*, the District Court for the Eastern District of

---

[1] The decision in *Kleftogiannis* relied on Second Circuit precedent, which establishes a specific consideration of the privacy interests of "innocent third parties," and the need for cooperation among employees, which are all absent here. *See Kleftogiannis v. Inline Plastics Corp.*, 411 F. Supp. 3d 216, 233 (D. Conn. 2019) (citing *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." (internal quotation marks omitted)). The Eighth Circuit has not adopted an equally strong standard towards innocent third parties' privacy interests.

9

California, after refusing to seal subparagraphs, redacted the names of several deputies who were disciplined for matters completely unrelated to the allegations made by the plaintiff. *See Liles*, 2024 WL 1971882, at *2. In both *Rowe* and *Liles*, the courts refused to redact substantive information and only redacted names of third parties who had an attenuated connection to the plaintiffs' claims.[2] Here, as discussed above, the individuals named in Borella's complaint are relevant actors whose actions give rise to her claims of discrimination and exemplify her assertions that similarly situated male coworkers were treated differently by BHSH. The court finds that the names of these third parties are central to Borella's claims and should not be redacted.

### B. Third Party Medical Privacy Interests

BHSH argues that the Health Insurance Portability and Accountability Act (HIPAA), Medical Leave Act (FMLA), and Americans with Disabilities Act (ADA) create medical privacy interests for an employee whose alcoholism Borella discussed in her complaint. *See* Docket 13 at 4; Docket 16 at 5. Thus, BHSH argues that the employee's alcoholism and name should be redacted from the complaint. *See id.* Borella argues that HIPPA does not apply to the

---

[2] BHSH also cites to two other cases to support its argument to seal the complaint or redact the names of third parties. Docket 13 at 3. The court finds that the two cases raise no relevant law or salient facts distinct from either *Rowe* or *Liles*. *See In re Cardiac Devices Qui Tam Litig.*, 221 F.R.D. 318, 337 (D. Conn. 2004) (finding that third party physicians names were immaterial to the case and thus could be redacted or sealed); *see also Purcell v. Gilead Scis., Inc.*, 415 F. Supp. 3d 569, 577 (E.D. Pa. 2019) (redacting names of 17 physicians when plaintiff removed them from its allegations in amended complaint and made no indication they would be called as witnesses).

10

statements made in her complaint and that caselaw does not show that the ADA or FMLA support redacting names or details of disabilities. Docket 15 at 11-13.

Alcoholism is a qualifying disability under the ADA. *See Miners v. Cargill Commun., Inc.*, 113 F.3d 820, 823 (8th Cir. 1997) (overruled on other grounds). But an employer may choose to not tolerate employees who are under the influence of alcohol while working and may hold them to the same standards of performance and behavior as non-alcoholics. *See id.* Also, substance abuse may qualify as a serious health condition under the FMLA, although this does not "prevent an employer from taking employment action against an employee [for substance abuse]." 29 C.F.R. § 825.119. Thus, both the ADA and FMLA recognize alcoholism as a disability and serious health condition. But BHSH has not pointed to any caselaw in which discussion of a medical condition has been sealed by virtue of it being a disability. *See* Docket 13 at 4 (stating that alcoholism is a disability without showing how a disability specifically warrants sealing).

HIPAA does not create a private right of action, though it was enacted in part to protect an individual's privacy right in their medical records. *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *United States v. Prentice*, 683 F. Supp. 2d 991, 1001 (D. Minn. 2010); *Littlefield v. Am. Alt. Ins. Corp.*, 2022 WL 4355201, at *2 (E.D. Mo. Sept. 20, 2022). Some courts have redacted or sealed medical documents that are clearly covered under HIPAA. *See Offor v. Mercy Med. Ctr.*, 167 F. Supp. 3d 414, 446-447 (E.D.N.Y. 2016) ("More importantly,

11

they are also clearly protected by HIPAA."), *aff'd in part, vacated in part, remanded*, 676 Fed. Appx. 51 (2d Cir. 2017) (unpublished); *Popat v. Levy*, 2024 WL 2149038, at *1 (W.D.N.Y. May 14, 2024). But HIPAA does not include federal courts and private litigants as covered entities. *See* 45 C.F.R. § 160.103.

Moreover, Borella did not learn of her former coworker's disability while acting as his physician at BHSH, nor did she gather that information from that coworker's medical records. *See* Docket 1 at 7-8 (stating that Borella learned of coworker's alcoholism through personal experience while working with the coworker and from an instance when BHSH's president asked Borella to take the coworker's shift). BHSH has not cited nor is the court aware of any authority that would (1) indicate that the information disclosed to Borella as a coworker and employee, not in a physician-patient relationship, is covered by HIPPA or (2) require the court to redact statements that disclose HIPPA covered information that is highly relevant to a plaintiff's claims. *See* Docket 13 at 4; Docket 16 at 5. Thus, the court rejects BHSH's argument that HIPPA's protections warrant redacting Borella's complaint. *See Littlefield,* 2022 WL 4355201, at *2 (finding that defendant "provided no legal basis" that information that qualifies for protection under HIPAA in other situations should always or usually be sealed and declined to adopt such a rule).

The medical privacy interests of BHSH's employee who suffers from alcoholism is not a compelling reason to seal or redact mention of BHSH's employee's disability in the complaint. This court recognizes that medical records are often considered so private as to warrant sealing or redaction in

12

judicial records. *See Reyna*, 2012 WL 2999768, at *4; *see also Skky, LLC*, 191 F. Supp. 3d at 981 ("[T]he information Defendants seek to file under seal is not the type of sensitive information that might typically be subject to an order to seal, such as . . . personal health details."). But, as discussed above, the public's right of access to private health information may overcome the privacy interest of an individual when it is material to the plaintiff's claims. *See Littlefield*, 2022 WL 4355201, at *2.

The court finds that, in this circumstance, the references to the former coworker and his disability need not be redacted because they are material to Borella's claims. Borella's claim rests in part on the allegation that BHSH has refused to reprimand Borella's coworker for problems connected to that coworker's alcoholism. Borella, also, was not the coworker's physician, did not learn the information she alleges by accessing the hospital's medical records, and did not disclose any of the coworker's private medical records in the complaint, which indicates that the privacy interest is less than when other courts typically find a compelling reason to seal or redact a judicial record.

The public also has a strong interest in the alleged alcoholism discussed in Borella's complaint. An important reason for public access to judicial records is the need for the public to weigh the reasonableness of judicial proceedings. *See Littlefield*, 2022 WL 4355201, at *1. By redacting the coworker's name and reference to his alcoholism, the public would lose the ability to judge whether Borella is making a worthy complaint against BHSH. And the public likely has a strong interest in knowing if physicians are

intoxicated or impaired while at work, supporting a strong public right to access such information in Borella's complaint. *See Marden's Ark, Inc.*, 534 F. Supp. 3d at 1045 (indicating where there is a strong public interest it is difficult to overcome); *see also United States v. Lee Mem'l Health Sys.*, 2018 WL 5014534, at *11 (M.D. Fla. Oct. 16, 2018) (finding public concern in the operation of health care facilities as matter of great public interest). Thus, the court finds that the public's interest in access to Borella's complaint outweighs the privacy interests of the former coworker and will not seal or redact any information from the complaint.

## CONCLUSION

Based on the foregoing, it is

ORDERED that BHSH's motion (Docket 12) to seal Borella's complaint is DENIED.

Dated July 14, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE